People v Rieang (2025 NY Slip Op 05335)

People v Rieang

2025 NY Slip Op 05335

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

603 KA 19-00793

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONG RIEANG, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered February 20, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree, criminal possession of a weapon in the second degree, attempted murder in the second degree, assault in the first degree, attempted robbery in the first degree and robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and attempted robbery in the first degree (§§ 110.00, 160.15 [4]), and two counts of robbery in the first degree (§ 160.15 [4]). We affirm.
As defense counsel correctly conceded at oral argument of this appeal, the supplemental appendix provided by the People establishes that the indictment was signed by the foreperson, and thus the indictment was not facially defective (see generally People v Quintana, 159 AD3d 1122, 1123 [3d Dept 2018], lv denied 31 NY3d 1086 [2018]) and defense counsel was not ineffective for failing to challenge the indictment on that ground (see People v Hernandez, 192 AD3d 1528, 1530 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see generally People v Caban, 5 NY3d 143, 152 [2005]).
Defendant further contends that the conviction is not supported by legally sufficient evidence as to the issue of identity. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as the individual involved in the crimes (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Among other things, the surviving shooting victim identified defendant at trial as the person who shot her and, in the hours after the shooting, defendant was found to be a passenger in a vehicle driven from the scene that had previously been in the physical possession of the other shooting victim (see People v Rainey, 231 AD3d 1533, 1534 [4th Dept 2024], lv denied 43 NY3d 932 [2025]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court